# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,  ) | |
| ) | |
| Plaintiff,  ) | Judge Blanche M. Manning |
| ) | |
| v.  ) | Case No. 99 CR 836-6 |
| ) | |
| ANGELO CASSANO,  ) | |
| ) | |
| Defendant.  ) | |
| ) | |

## MEMORANDUM AND ORDER

This case is before the court on a limited remand by the Seventh Circuit Court of Appeals to determine whether this court would impose the defendant's original sentence had the Sentencing Guidelines been advisory rather than mandatory. *See U.S. v. Paladino*, 401 F.3d 471 (7th Cir. 2005). In *Paladino*, the court stated that:

> Upon reaching its decision (with or without a hearing) whether to resentence, the District Court should either place on the record a decision not to resentence with an appropriate explanation, or inform this court of its desire to resentence the defendant.

*Id.* at 484 (citation and quotation marks omitted). In making this statement, the court should obtain the views of counsel but need not require the presence of the defendant. *Id.*

In March 2000, Angelo Cassano was charged in a superseding indictment with mail fraud (18 U.S.C. §§ 1341 and 2), conspiracy to commit money laundering (18 U.S.C. § 1956(h), and the structuring of currency transactions (31 U.S.C. §§ 5324(3) and 5322(a)). On May 10, 2001, a jury convicted Cassano of money laundering and structuring. The guidelines provided for a range of 63 to 78 months and the court sentenced Cassano to 63 months' imprisonment.

In determining whether it would impose the same sentence had the Guidelines been advisory rather than mandatory, the court has reviewed the written submissions of the parties as to this remand and the presentence report. The court has considered the nature and circumstances of the offense, the history and characteristics of the defendant under 18 U.S.C. §

3553, the purpose for imposing the sentence, and the advisory Guidelines range of 63-78 months.

In his submission as to this *Paladino* remand, Cassano asserts that he should have received credit towards his federal sentence for the 3-month period from February 23, 2001 to May 25, 2001 when he was being transferred from state to federal custody on a writ of habeas corpus. However, the court believes this argument to be beyond the scope of a *Paladino* remand. In any event, as the government notes, Cassano does not contend that he did not receive state credit for the time he spent in federal custody.

The court concludes based on its consideration of all of the relevant factors that it would impose the same sentence. The court believes that the sentence of 63 months, which falls at the bottom of the range advised by the Guidelines, is reasonable. It properly reflects the seriousness of Cassano's financially-based crimes (along with his significant criminal history) and holds him accountable for his conduct. The sentence also not only protects the community at large but also should deter him from committing additional criminal activity in the future.

**ENTER:**

*Blanche M. Manning*
**Blanche M. Manning**
**United States District Judge**

**DATE:** September 13, 2005